UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:09-cr-181-LJM-MJD-1 |
| ) | |
| NICHOLAS HARDIN DUNING, ) | |
| ) | |
| Defendant. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the Order entered by the Honorable Larry J. McKinney designating the duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on January 14, 2013. Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 29, and February 4, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure.*[1]

On January 29, 2013, Nicholas Hardin Duning ("Mr. Duning") appeared in person with appointed counsel, Bill Dazey. The government appeared by Matt Rinka, Assistant United States Attorney. U. S. Parole and Probation appeared by Troy Adamson, U. S. Parole and Probation officer.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* 18 U.S.C. § 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P., and 18 U.S.C. § 3583:

1. Mr. Duning was advised of the nature of the violations alleged against him and he acknowledged receipt of the notice of said allegations.

2. A copy of the Petition for Warrant or Summons for Offender Under Supervision was provided to Mr. Duning and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

3. Mr. Duning was advised of his right to a preliminary hearing and its purpose.

4. Mr. Duning was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Duning was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Duning was advised that if the preliminary hearing resulted in a finding of probable cause that he had violated an alleged condition or conditions of his supervised release as set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7. Mr. Dazey stated that Mr. Duning would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.

Mr. Duning executed a written waiver of the preliminary hearing, which was accepted by the Court.

8.      Mr. Duning, by counsel, stipulated that he committed Violations 1-3 as set forth in the Petition for Warrant or Summons for an Offender Under Supervision as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | ***"The defendant shall pay any restitution that is imposed by this judgement."*** |
| | On January 31, 2012, the offender's probation was revoked for non-payment of restitution, as well as other violations. During his incarceration, the offender made one payment on March 22, 2012. The aforementioned payment has been his only payment posted in 2012. On May 3, 2012, the offender began his term of supervised release. Despite many reminders by the probation officer, Mr. Duning has not made any payments. The total outstanding balance is $1,570. The offender was instructed to make at least $90 monthly payments to ensure the balance is paid off at the end of the term of supervised release. |
| 2 | ***"The defendant shall complete 400 hours of community service while on probation."*** |
| | Since beginning his original probation sentence 38 months ago, the offender has completed 39 hours of community service work. Mr. Duning was instructed to complete 25 hours of community service work monthly to ensure completion by the end of his supervised term; however, he has only completed 7.5 hours since his most recent release. |
| 3 | ***"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."*** |
| | Despite many reminders by the probation officer, Mr. Duning |

>has not timely submitted monthly reports that were due on August 5, September 5, October 5, and November 5, 2012. The aforementioned reports were not received until January 2, 2013.

9. The Court placed Mr. Duning under oath and directly inquired of him whether he admitted the violations of the specifications of his supervised release as set forth above. Mr. Duning admitted under oath to the above violations as set forth. The Court finds that there is a basis in fact for his admissions and accepts same.

10. Counsel for the parties further stipulated to the following:

 (a) The most serious grade of violation is Grade C, pursuant to U.S.S.G. § 7B1.1(b);

 (b) Mr. Duning has suffered criminal convictions that yield a criminal history category of I, pursuant to U.S.S.G. § 7B1.4(a); and

 (c) The term of imprisonment applicable upon revocation of Mr. Duning's supervised release, therefore, is 3-9 months imprisonment. *See*, U.S.S.G. § 7B1.4(a).

11. The parties do not agree as to the appropriate disposition of this case.

12. The Court heard testimony from Mr. Duning and his mother, Rhonda Duning ("Ms. Duning"), and argument from counsel regarding the appropriate disposition of the case. The proceedings were then adjourned pending disposition, which was set for February 4, 2013 at 9:00 a.m. Mr. Duning was released on his own recognizance pending further proceedings before the Court.

13. On February 4, 2013, the disposition hearing was held. Mr. Duning appeared in person and by counsel, Mike Donahoe; the government appeared by Brad Shepard,

Assistant United States Attorney; and U. S. Parole and Probation appeared by Troy Adamson, U.S. Parole and Probation Officer. The Court, having heard the evidence and/or arguments of Mr. Duning and his counsel, and the government, makes the following findings and recommendations:

    (a)    Mr. Duning was convicted of bank robbery in December 2008, and he admits the judge gave him a "second chance" and a "huge break" by sentencing him to 3 years probation in lieu of prison. Mr. Duning admits that the sentencing judge told him that he was getting a second chance in order to, among other things, repay the money he stole and better himself and his community through community service.

    (b)    The United States presented evidence that Mr. Duning has not taken the terms of probation seriously and has repeatedly ignored the directives of his probation officer.

    `     (i)    When Mr. Duning failed to comply with the terms of his probation, including the failure to pay towards restitution and complete community service work, the conditions of his probation were modified and he was sent to the Volunteers of America ("VOA") facility in November 2011, as a sanction.

        (ii)    When Mr. Duning was expelled from the VOA for failure to follow the rules, by smuggling in cell phones and cigarettes, his probation was revoked and he was sentenced to a period of six (6) months

        imprisonment followed by eighteen (18) months of supervised release.

    (iii)    Mr. Duning commenced this period of supervised release in May 2012. Since that time, Mr. Duning has failed to take action to address specific terms of his supervised release, as outlined in the Petition.

(c)    It is undisputed that, by the date of the Revocation Hearing, Mr. Duning completed payment of the restitution imposed in his original sentence.

(d)    As noted in the Petition, prior to the filing of the Petition for Revocation on January 14, 2013, Mr. Duning provided his delinquent monthly reports (for the months of August 5 through November 5, 2012) to his probation officer.

(e)    Mr. Duning initially testified that he had completed close to 100 hours of community service work. He later corrected that figure – testifying that he had only completed about 76 hours. (39 hours were noted in the Petition.) An additional 38 hours of community service work were completed with the Richmond Family YMCA's Christmas Tree Sale during the period between mid-November 2012 and mid-December, 2012. [Defendant's Exhibit 2.] Mr. Duning also testified that he has now identified places where he can fulfill his community service requirement and has a plan in place to do so: American Red Cross; local animal shelter; and the Cope Center. He believes he could fulfill his community service requirement within the next ninety (90) days.

(f)    Mr. Duning and his mother, Ms. Duning, testified that his inability to focus

and stay on tasks is due to his attention deficit hyperactivity disorder ("ADHD"), a diagnosis he has had since the age 4.

- (i) Both testified that the medication Aderall helps him to stay focused, but that the cost of this medication, around $300 per month, has prevented his filling his most recent prescription (dated November 28, 2011). [Defendant's Exhibit 3.]
- (ii) However, Mr. Duning also testified that although he considered taking Aderall a "point of shame" he had gotten back on the medication before going to the VOA facility and during the time he was there. Notwithstanding the fact that he was back on Aderall, Mr. Dunning admits he was expelled from the VOA for failing to follow the rules.
- (iii) Mr. Duning and his mother testified that they have a plan in place to insure that he is able to fill prescriptions for the Aderall: (either he qualifies for government medical assistance or the parents will pay out-of-pocket).

(g) By Mr. Duning's own admission, he is in the position he is now because he failed to heed his probation officer's repeated warnings and he procrastinates.

(h) It is undisputed that, since his October 2009 sentence was imposed, there is no evidence of Mr. Duning engaging in violent behavior, drug or alcohol

abuse, or further criminal activity.

(i) Mr. Duning argues that revocation is not mandatory in this case and he should be released without any modification in the terms of his probation. The Magistrate Judge finds that this proposal does not provide adequate punishment for his admitted violations, of for the fact that this is not his first violation of probation, indeed, for the same conditions of his release.

(j) The government requests that his supervised release be revoked and that he be sentenced to nine (9) months of imprisonment followed by no further supervision. While this proposal respects the idea of a graduated sanction in light of Mr. Duning's previous violations, the Magistrate Judge finds that this is not the most appropriate sanction. It does not take into account the nature of his violations (Grade C - reporting violations) and the fact that Mr. Duning has finally taken steps, albeit in preparation of this revocation hearing, to address delinquent conditions of his release. Nor does it address one of the conditions that was initially imposed at sentencing–that Mr. Duning better himself and his community by participating in community service. Mr. Duning was initially ordered to complete 400 hours of community service and he should be made to fulfill that requirement.

This Magistrate Judge has considered the list of factors under 18 U.S.C. §3553(a), although this listing is not a checklist, *United States v. Baker*, 655 F.3d 677, 683 (7th Cir. 2011), and has decided on the imposition of a sentence not more than necessary to achieve

the objectives that the guidelines identify: reflect the seriousness of the offense, promote respect for the law, create a just punishment, provide adequate deterrence, and protecte the public from further crimes. 18 U.S.C. § 3553(a) (as referenced in 18 U.S.C. § 3583(e)).

Therefore, the Magistrate Judge **NOW FINDS** that Mr. Duning violated the specified conditions of supervised release as set forth above in the Petition to Revoke his supervised release. Mr. Duning's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of four (4) months. This term of imprisonment is within the range found in U.S.S.G §7B1.4(a). Thereafter, at the conclusion of Mr. Duning's term of incarceration, he shall serve a period of supervised release of seven (7) months. The conditions of release will be the same as previously imposed. It is further recommended that Mr. Duning be designated by the Attorney General of the United States and the Bureau of Prisons ("BOP") to the Terre Haute Federal Correctional Complex.

Defendant's counsel moved to allow Mr. Duning to self-surrender to the BOP for his period of incarceration. The government objected to this request. Notably, Mr. Duning self-surrendered when he was ordered to stay at the VOA; he complied with the summons and appeared for the revocation hearing in January; and, he appeared as ordered for this disposition hearing. There is no evidence that Mr. Duning is a risk of flight or presents a danger to the community. Mr. Duning's request to self-surrender to the BOP is **GRANTED**.

The parties are hereby notified that the District Judge may reconsider any matter

assigned to a Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and (C); Rule 72(b) of the *Federal Rules of Civil Procedure*; and 18 U.S.C. §3401(i). Either party may, within fourteen (14) days after being served a copy of this Report and Recommendation, serve and file written objections thereto. The District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**THEREFORE** the undersigned Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Duning's supervised release.

**IT IS SO RECOMMENDED this** 02/06/2013

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana


Distribution:

Matt Rinka
Assistant United States Attorney

Mike Donahoe
Indiana Community Federal Defender

U. S. Parole and Probation

U. S. Marshal